OPINION OF THE COURT
Paul A. Goetz, J.
Petitioner seeks entry of a default judgment against respondent. In a nonpayment proceeding, pursuant to RPAPL 732 (3), petitioner is entitled to a default judgment upon respondent’s failure to answer within five days of service of the notice of petition and petition.
Petitioner’s affidavit of conspicuous service dated September 30, 2014 alleges respondent was served by affixing a copy of the notice of petition and petition upon a conspicuous part of the entrance door of the property on September 29, 2014 at 10:25 a.m. and that a prior attempt at personal service was made on September 27, 2014 at 7:51 p.m. Petitioner’s affidavit of conspicuous service further alleges a follow-up mailing to respondent was made on September 30, 2014, “at the address sought to be recovered which is respondents [sic] residence or corporate respondent(s) [sic] pri[n]cipal office or principal place of business.”
RPAPL 735 (1) provides in relevant part that
“[s]ervice of the notice of petition and petition shall be made by personally delivering them to the respondent; or by delivering to and leaving personally with a person of suitable age and discretion who resides or is employed at the property sought to be recovered . . . if . . . admittance can be obtained and such person found who will receive it; or if admittance cannot be obtained and such person found, by affixing a copy of the notice and petition upon a conspicuous part of the property sought to be recovered” (emphasis added).
A follow-up mailing must be done at the property sought to be recovered but if such property is not the respondent’s residence then at the respondent’s last known residence or if the petitioner does not have written information regarding the respondent’s last known residence then at the respondent’s place of business or employment. (RPAPL 735 [1] [a].)
The petition describes the premises sought as “PARKING SPACE No. 114 in the building known as 2550 Olinville Ave., (comm) Bronx, NY 10467.”
RPAPL 735 does not permit conspicuous service at a parking space. Conspicuous service is only allowed when the property *937 sought to be recovered is a respondent’s residence or place of employment and he/she is employed at the property sought to be recovered. The clause “if admittance cannot be obtained” does not explicitly state admittance to where. The only “places” mentioned in the statute are where the respondent resides or where the respondent is employed when he/she is employed at the property sought to be recovered. Therefore, “if admittance cannot be obtained” means if admittance cannot be obtained at the respondent’s residence or place of employment when respondent is employed at the property sought to be recovered.
Since respondent could neither reside nor work at the parking space, conspicuous service at the parking space is impermissible. Moreover, despite the affidavit of conspicuous service’s assertion to the contrary, there is no entrance door to the parking space. There may be a door to the garage within which the parking space is located but petitioner is not seeking recovery of the entire garage, merely one parking space in the garage. Likewise, mail cannot be delivered to a parking space. Therefore, petitioner has failed to make a prima facie showing that it properly served respondent with the notice of petition and petition.
Accordingly, it is hereby ordered and adjudged that petitioner’s request for a default judgment is denied in its entirety and the petition is dismissed without prejudice.